**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|  ) | |
| v.  ) | Criminal Action No. 21-cr-00445-LKG |
|  ) | |
| ADAN MONTALVO-CRUZ,  ) | Dated: July 30, 2024 |
|  ) | |
| Defendant.  ) | |
|  ) | |

**MEMORANDUM OPINION AND ORDER**
**ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I.   INTRODUCTION

Defendant, Adan Montalvo-Cruz, has moved for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2).  ECF No. 73.  This motion is fully briefed.  ECF Nos. 73, 76.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court **DENIES** Mr. Montalvo-Cruz's motion to reduce sentence.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual Background

The Defendant, Adan Montalvo-Cruz, is a 41-year-old inmate who is currently serving a 24-month sentence of incarceration following his conviction of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846.  ECF No. 64 at 3; ECF No. 70 at 1-2.  Mr. Montalvo-Cruz seeks a reduction of this sentence based upon the recent passage of Amendment 821 to the First Step Act, which grants a two-point deduction for criminal defendants with a criminal history score of zero at the time of sentencing.  ECF No. 73 at 1.

On November 10, 2021, a grand jury sitting in the District of Maryland returned an Indictment against Mr. Montalvo-Cruz, charging him with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846.  ECF No. 1.  Mr. Montalvo-Cruz pled guilty to this offense on March 30, 2023, pursuant to a written

plea agreement. ECF No. 59. The parties' plea agreement includes a stipulation, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the parties agree that a sentence of not more than 60 months of incarceration was the appropriate disposition of the case. *Id.* at 5.

On July 11, 2023, the Court held a sentencing hearing. ECF No. 69. The Presentence Investigation Report provides that Mr. Montalvo-Cruz's base offense level was 30, pursuant to U.S.S.G. § 2D1.1. ECF No. 64 ¶ 17. Mr. Montalvo-Cruz received a 3-level decrease of the base offense level for acceptance of responsibility and an additional 2-level decrease pursuant to the safety valve under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. *Id.* at ¶¶ at 18, 24, 25. And so, the final offense level was 25. *Id.* at ¶ 25.

The Presentence Investigation Report also provides that Mr. Montalvo-Cruz's criminal history category was I and that he has a criminal history score of zero. *Id.* at ¶ 33. And so, based on a final offense level of 25 and a criminal history category of I, the Guidelines range for Mr. Montalvo-Cruz's sentence was 57 to 71 months of incarceration. U.S.S.G. Ch. 5, Pt. A.

Because Mr. Montalvo-Cruz satisfied the safety valve criteria, the Court could impose a sentence without regard to any statutory minimum. ECF No. 64 at ¶ 18; ECF No. 76 at 2. And so, after considering the arguments of the parties and assessing the factors under 18 U.S.C. § 3553(a), the Court imposed a sentence of 24 months of incarceration, to be followed by five years of supervised release upon Mr. Montalvo-Cruz's release from prison. ECF No. 70.

### B. Procedural Background

On November 9, 2023, Mr. Montalvo-Cruz filed a motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 73. On January 12, 2024, the Government filed a response in opposition to Mr. Montalvo-Cruz's motion to reduce sentence. ECF No. 76.

Mr. Montalvo-Cruz's motion to reduce sentence having been fully briefed, the Court resolves the pending motion.

## II. LEGAL STANDARDS

### A. Motions To Reduce Sentence

Pursuant to Title 18, United States Code, Section 3582(c)(2), the Court may modify a sentence where "a defendant … has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A]ny such reduction of a sentence must be 'consistent with applicable

policy statements issued by the Sentencing Commission.'" *United States v. Lindsey*, 556 F.3d 238, 242 (4th Cir. 2009). The Court's power to reduce sentence is also dependent on "the Commission's decision not just to amend the [Sentencing] Guidelines but to make the amendment retroactive." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Relevant to the pending motion, the United States Court of Appeals for the Fourth Circuit has recognized that "the applicable policy statement issued by the Sentencing Commission provides that a sentence reduction under § 3582(c)(2) 'is not authorized' if the amendment to the [United States] Sentencing Guidelines 'does not have the effect of lowering the defendant's applicable guideline range.'" *Lindsey*, 556 F.3d at 242-43 (quoting U.S.S.G. § 1B1.10(a)(2)(B)). In this regard, the Sentencing Guidelines advise that the Court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The Court then utilizes a two-step approach to determine whether a reduction in sentence pursuant to Section 3582(c)(2) is appropriate. *Dillon*, 560 U.S. at 826. First, the Court must "determine that a reduction is consistent with § 1B1.10" of the Guidelines and specifically, whether "'the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (citing U.S.S.G. § 1B1.10(b)(1)).[1] Second, the Court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* The consideration of the § 3553(a) factors "is appropriate only at the second step of this circumscribed inquiry." *Id.* And so, considerations of the § 3553(a) factors cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Id.*; *see also United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019) (utilizing the two-part test from *Dillon*).

---

[1] The Court may "'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range.'" *Dillon*, 560 U.S. at 827. But "if the sentencing court originally imposed a term of imprisonment below the Guidelines range . . . § 1B1.10 authorize[s] a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.*

### B.  Amendment 821

Amendment 821 to the Sentencing Guidelines was made effective on November 1, 2023. U.S.S.G. Amend. 821, Pt. B.  This amendment provides, in relevant part, that:

> *(a) Adjustment*.–If the defendant meets all of the following criteria:
>
> > (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> > (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> > (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> > (4) the offense did not result in death or serious bodily injury;
> > (5) the instant offense of conviction is not a sex offense; . . .
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

*Id.*

### III.   ANALYSIS

Mr. Montalvo-Cruz has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), upon the ground that he qualifies for a two-point deduction of his total offense level under Amendment 821 to the First Step Act of 2018.  ECF No. 73 at 1.  In support of his motion, Mr. Montalvo-Cruz maintains that he has several chronic health conditions, including high blood pressure, diabetes, neuropathy in his hands and feet and swelling in his feet, that warrant a reduction of his sentence.  ECF No. 64 at ¶ 53.  And so, he requests that the Court reduce his sentence to time served and that he be allowed to return home where he will have greater access to healthcare.  ECF No. 73 at 2.

The Government opposes Mr. Montalvo-Cruz's motion to reduce sentence and argues that the Court should not reduce his sentence, because the 24-month sentence that the Court imposed in this case is well below the Sentencing Guidelines range as amended by Amendment 821 and remains appropriate in this case.  ECF No. 76 at 3-4.  The Government also argues that the § 3553(a) factors weigh against reducing Mr. Montalvo-Cruz's sentence, because the Court previously considered his medical issues when the Court imposed the 24-month sentence in this case.  *Id.*  And so, the Government requests that the Court deny Mr. Montalvo-Cruz's motion. *Id.* at 5.

For the reasons that follow, Mr. Montalvo-Cruz has shown that he is eligible for a reduction of his sentence under Amendment 821. But Mr. Montalvo-Cruz has not met his burden to show that a reduction of his 24-month sentence is warranted under 18 U.S.C. § 3582(c)(2). And so, the Court DENIES Mr. Montalvo-Cruz's motion to reduce sentence.

**A. Mr. Montalvo-Cruz Is Not Entitled To A Reduction In Sentence**

As an initial matter, Mr. Montalvo-Cruz persuasively argues that he is eligible for a sentence reduction under Amendment 821. ECF No. 73 at 1. Amendment 821 to the Sentencing Guidelines, which was made effective on November 1, 2023, and applies retroactively, provides for a 2-level decrease to a defendant's offense level if the defendant has zero criminal history points. U.S.S.G. Amend. 821, Pt. B. In this case, the Presentence Investigative Report makes clear that Mr. Montalvo-Cruz's criminal history category was I and that he has a criminal history score of zero. ECF No. 64 at ¶ 33. And so, as the parties appear to agree, Mr. Montalvo-Cruz is eligible to seek a reduction of his sentence based upon Amendment 821. ECF Nos. 73, 76.

While Mr. Montalvo-Cruz may properly seek a reduction of his sentence, he has not shown that this relief is appropriate in this case. In determining whether a reduction in sentence pursuant to Section 3582(c)(2) is appropriate, the Court first determines "'the amended guideline range that would have been applicable to [Mr. Montalvo-Cruz]' had the relevant amendment been in effect at the time of the initial sentencing. *Dillon v. United States*, 560 U.S. 817, 827 (2010) (citing U.S.S.G. § 1B1.10(b)(1)). Second, the Court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

In this case, it is undisputed that the Guidelines range that would have been applicable to Mr. Montalvo-Cruz if Amendment 821 been in effect at the time of his sentencing is 46-57 months incarceration. ECF No. 76 at 4. As the Government correctly observes, the 24-month sentence that the Court imposed in this case falls well below this amended Guidelines range. *Id.* Mr. Montalvo-Cruz has also already received a significant downward variance to his sentence, due, in large part, to his many health conditions. *Id.* And so, the amended Guidelines range for this case does not meaningfully impact his sentence.

The § 3553(a) factors also do not support a further reduction of Mr. Montalvo-Cruz's sentence. As the Government also correctly observes, the Court previously considered Mr.

Montalvo-Cruz's many health concerns when the Court imposed a downward variance sentence of 24-months of incarceration in this case. ECF No. 76 at 4. When the Court originally imposes a term of imprisonment that falls below the Guideline range, as is the case here, the Sentencing Guidelines authorize the Court to impose a term comparably below the amended Guidelines range. U.S.S.G. § 1B1.10.

The Court is satisfied, however, that no further reduction of Mr. Montalvo-Cruz's sentence is warranted in this case. During the sentencing hearing held in this matter on July 11, 2023, the Court carefully considered evidence and arguments about Mr. Montalvo-Cruz's health conditions and the Court factored Mr. Montalvo-Cruz's various concerns into the sentence imposed. ECF Nos. 69, 70, 71. Notably, the Court's statement of reasons states that "the [D]efendant suffers from uncontrolled diabetes and has young dependents" as a reason for the Court's sentencing variance in this case. ECF No. 71 at 3. The Court also identified Mr. Montalvo-Cruz's "Physical Condition" as a factor that the Court considered in imposing a variance sentence. *Id.*

Mr. Montalvo-Cruz now seeks a reduction of his sentence for the same reasons that the Court previously and carefully considered during his sentencing hearing. ECF Nos. 69, 70, 71. Because Mr. Montalvo-Cruz has not shown that a further reduction of his sentence is warranted, the Court must DENY his motion to reduce sentence.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Montalvo-Cruz's motion to reduce sentence.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge